UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| SALLIE MAE, INC., now known as | ) |
| NAVIENT SOLUTIONS, INC., | ) |
| SLM DE CORPORATION, now known as | ) |
| NAVIENT DE CORPORATION, and | ) |
| SALLIE MAE BANK, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

The United States of America alleges as follows:

## INTRODUCTION

1. The United States brings this action against three entities (hereinafter collectively referred to as "Defendants") -- Sallie Mae, Inc., now known as Navient Solutions, Inc. (hereinafter "Navient Solutions, Inc."), SLM DE Corporation, now known as Navient DE Corporation (hereinafter "Navient DE Corporation"), and Defendant Sallie Mae Bank -- for violating the rights of approximately 60,000 servicemembers protected by the Servicemembers Civil Relief Act (hereinafter "SCRA"), 50 U.S.C. App. §§ 501-597b. This action to enforce the SCRA is brought to redress the SCRA violations that Defendants engaged in from November 28, 2005 through the time of the filing of this Complaint.

2. The United States alleges two types of SCRA violations: (1) Defendants failed to provide servicemembers the 6% interest rate to which they were entitled under the SCRA; and

1

(2) some of the Defendants obtained default judgments against servicemembers without complying with the procedures set out by the SCRA.

3. The SCRA violations in this case involve four types of student loans (hereinafter collectively "Covered Loans"): (1) private education loans (hereinafter "Private Loans"); (2) Direct Department of Education Student Loans (hereinafter "Direct ED Loans"); (3) student loans originated under the Federal Family Education Loan Program (hereinafter "FFELP") owned by the Department of Education (hereinafter "FFELP ED Loans"); and (4) student loans originated under the FFELP not owned by the Department of Education (hereinafter "FFELP COM Loans").

## NATURE OF ACTION

4. This action is brought by the United States to enforce the provisions of the Servicemembers Civil Relief Act (hereinafter "SCRA"), 50 U.S.C. App. §§ 501-597b.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 28 U.S.C. § 1345, and 50 U.S.C. App. § 597(a).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c)(2) because Defendants Navient Solutions, Inc. and Navient DE Corporation are Delaware corporations that conduct business in Delaware, and because Defendant Sallie Mae Bank provides, funds, and owns student loans taken out by borrowers who reside in Delaware.

## DEFENDANTS

7. Defendant Navient Solutions, Inc. is a Delaware corporation that services Covered Loans owned by Navient Corporation and/or its subsidiaries, as well as Covered Loans owned by other entities, including Defendant Sallie Mae Bank.

8.      Defendant Navient DE Corporation is a Delaware corporation that performs delinquency collections for Covered Loans owned by SLM Corporation and its subsidiaries, as well as Covered Loans owned by other entities.

9.      Defendant Sallie Mae Bank is a Utah state-chartered industrial bank that provides, funds, and owns education loans nationwide. Defendant Sallie Mae Bank's portfolio includes Private Loans and FFELP COM Loans, including Private Loans and FFELP COM Loans taken out by borrowers who reside in Delaware.

## FACTUAL ALLEGATIONS

10.     Defendants Navient Solutions, Inc. and Navient DE Corporation have been responsible for granting interest rate reductions upon receipt of notice and military orders from servicemembers protected by the SCRA (hereinafter "SCRA-protected servicemembers") with Private Loans since at least November 28, 2005, and from SCRA-protected servicemembers with Direct ED Loans, FFELP ED Loans, and/or FFELP COM Loans since August 14, 2008.

11.     From at least November 28, 2005, Defendants Navient Solutions, Inc. and Navient DE Corporation have been responsible for obtaining default judgments against SCRA-protected servicemembers with Private Loans.

12.     Defendant Sallie Mae Bank contracted with Defendants Navient Solutions, Inc. and Navient DE Corporation to provide services involving all Private Loans owned by Sallie Mae Bank since at least November 28, 2005, and services involving all FFELP Com Loans owned by Sallie Mae Bank since August 14, 2008. These services have included, but have not been limited to, granting interest rate reductions upon receipt of notice and military orders from SCRA-protected servicemembers.

13.     An independent consultant conducted an audit of the Defendants that identified active duty servicemembers who, between November 28, 2005, and December 31, 2013, (1) had

pre-service student loans serviced or owned by Defendants with interest rates over 6% and (2) were given a military identification code in Defendants' computer systems. That audit revealed that only about 7% of those active duty servicemembers received the full 6% interest rate cap to which they were entitled under the SCRA. The other 93% of these servicemembers continued to be charged interest at a rate over 6%, despite the fact that the majority of them, in addition to having a military identification code in Defendants' computer systems, also submitted to the Defendants one or more military documents and/or a separate notice of SCRA eligibility.

14. Of the servicemembers who had pre-service loans with interest rates above 6% and had military codes in Defendants' computer systems and did not receive the full 6% benefit, about 80% had Private Loans or FFELP COM Loans, 8% had Direct ED Loans or FFELP ED Loans, and 12% had more than one type of loan. Over 40% of these servicemembers who did not receive the full 6% benefit were charged at least $166 above the 6% interest rate cap, with about 23% being charged over $500 in excess interest charges.

15. The independent consultant retained to conduct an audit of Defendants found that, between January 1, 2008, and December 31, 2012, Navient Solutions, Inc. and Navient DE Corporation obtained default judgments against at least five SCRA-protected borrowers without filing affidavits of military service and showing necessary facts to support the affidavits, as required by 50 U.S.C. App. § 521.

## SERVICEMEMBER CIVIL RELIEF ACT VIOLATIONS

16. Defendants Navient Solutions, Inc. and Navient DE Corporation violated Section 527 of the SCRA, 50 U.S.C. App. § 527, when, from at least November 28, 2005, with respect to Private Loans, and from August 14, 2008, with respect to Direct ED Loans, FFELP ED Loans, and FFELP COM Loans, they engaged in a pattern or practice of:

    a.    failing to lower interest rates to 6% per year after receiving written notice and qualifying active duty military orders from SCRA-protected servicemembers;

    b.    failing to make acceptable efforts to obtain qualifying active duty military documents from servicemembers who requested benefits, but did not provide qualifying military documents; and

    c.    failing to notify servicemembers that they might be eligible for SCRA benefits when they provided their military documents to Defendants for purposes other than seeking the 6% interest rate.

17. Defendants Navient Solutions, Inc. and Navient DE Corporation engaged in a pattern or practice of violating Section 521 of the SCRA, 50 U.S.C. App. § 521, or engaged in violations of Section 521 of the SCRA, 50 U.S.C. App. § 521 that raise an issue of significant public importance, when, from at least November 28, 2005, they obtained default judgments against SCRA-protected borrowers with Private Loans without filing affidavits of military service and showing necessary facts to support the affidavits.

18. Defendant Sallie Mae Bank violated Section 527 of the SCRA, 50 U.S.C. App. § 527, when, from at least November 28, 2005, for Private Loans, and August 14, 2008, for FFELP COM Loans, it allowed student loan servicers with which it contracted to engage in a pattern or practice of:

    a.    failing to lower interest rates to 6% per year after receiving written notice and qualifying active duty military orders from SCRA-protected servicemembers;

      b.      failing to make acceptable efforts to obtain qualifying active duty military documents from servicemembers who requested benefits, but did not provide qualifying military documents; and

      c.      failing to notify servicemembers that they might be eligible for SCRA benefits when they provided their military documents to Defendants for purposes other than seeking the 6% interest rate.

19.     The servicemembers who were charged interest in excess of 6% per year in violation of Section 527 of the SCRA, 50 U.S.C. App. § 527, are aggrieved persons and have suffered damages as a result of Defendants' conduct.

20.     The servicemembers against whom Defendants Navient Solutions, Inc. and Navient DE Corporation obtained improper default judgments in violation of Section 521 of the SCRA, 50 U.S.C. App. § 521, are aggrieved persons and have suffered damages as a result of Defendant Navient Solutions, Inc. and Navient DE Corporation's conduct.

21.     Defendants' conduct was intentional, willful, and taken in disregard for the rights of servicemembers.

## PRAYER FOR RELIEF

WHEREFORE, the United States prays that the Court enter an ORDER:

1.     Declaring that Defendants' conduct violated the SCRA;

2.     Enjoining Defendants, their officers, employees, agents, representatives, assigns, successors-in-interest, and all other persons and entities in active concert or participation with them from:

      a.      charging interest at a rate in excess of 6% per year on the then-outstanding balance (including any previously capitalized interest) of any Covered Loan(s) taken out while a borrower was not on

        military service, where the borrower subsequently enters into military service, and where the borrower is eligible for benefits under Section 527 of the SCRA, 50 U.S.C. app. § 527;

b.    misinforming any servicemember about the SCRA protections and benefits available under Section 527 of the SCRA, 50 U.S.C. app. § 527, or otherwise discouraging any servicemember from invoking SCRA protection pursuant to Section 527 of the SCRA, 50 U.S.C. app. § 527, on any Covered Loan(s) taken out while not on military service;

c.    failing to provide information about the SCRA benefits available under Section 527 of the SCRA, 50 U.S.C. app. § 527, to any servicemember who inquires about receiving a military deferment or military forbearance;

d.    seeking any default judgment with respect to any Private Loan without first checking their files, including all customer service notes and the Department of Defense Manpower Data Center database ("DMDC"), to determine whether an individual against whom Defendants intend to seek a default judgment is in military service, and, if so, filing an accurate affidavit of military service, attaching to the affidavit the most recent military status report from the DMDC and a copy of the SCRA-protected servicemember's military orders, if available;

e.    failing or refusing to take such affirmative steps as may be necessary to restore, as nearly as practicable, each identifiable victim of Defendants' illegal conduct to the position he or she would have been in but for that illegal conduct; and

7

    f. failing or refusing to take such affirmative steps as may be necessary to prevent the recurrence of any illegal conduct in the future and to eliminate, to the extent practicable, the effects of Defendants' illegal conduct;

  3. Awarding appropriate monetary damages to each identifiable victim of Defendants' violations of the SCRA; and

  4. Assessing civil penalties against Defendants in order to vindicate the public interest pursuant to 50 U.S.C. App. § 597(b)(3).

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

The United States further prays for such additional relief as the interests of justice may require.

|  |  |
|---|---|
|  | ERIC H. HOLDER, JR.<br>Attorney General |
|  |  |
|  | /s/ Jocelyn Samuels |
| CHARLES M. OBERLY, III (#743) | JOCELYN SAMUELS |
| United States Attorney | Acting Assistant Attorney General |
| District of Delaware | Civil Rights Division |
| 1007 N. Orange Street, Suite 700 |  |
| Wilmington, DE  19801 |  |
| Tel.: (302) 573-6277 |  |
|  | /s/ Steven Rosenbaum |
|  | STEVEN H. ROSENBAUM |
|  | Chief |
|  | Housing and Civil Enforcement Section |
|  | Civil Rights Division |
|  |  |
|  | /s/ Elizabeth A. Singer |
|  | ELIZABETH A. SINGER |
|  | Director, U.S. Attorneys' Fair Housing Program |
|  |  |
|  | /s/ Tanya Ilona Kirwan |
|  | TANYA ILONA KIRWAN, MD Bar |
|  | Trial Attorney |
|  | U.S. Department of Justice |
|  | Civil Rights Division |
|  | Housing and Civil Enforcement Section |
|  | 950 Pennsylvania Avenue, N.W. |
|  | Northwestern Building, 7th Floor |
|  | Washington, D.C.  20530 |
|  | Tel: (202) 514-4713 |
|  | Fax: (202) 514-1116 |
|  | E-mail: Tanya.Kirwan@usdoj.gov |